**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

DUSTIN ARCHER,                          )
                                        )
                    Plaintiff,          )
vs.                                     )          NO.  CIV-14-0746-HE
                                        )
CAROLYN W. COLVIN,                      )
Acting Commissioner of the Social,      )
Security Administration,                )
                                        )
                    Defendant.          )

**ORDER**

Plaintiff Dustin Archer filed this action seeking judicial review of the final decision

of the Commissioner of the Social Security Administration denying his application for

disability insurance benefits.  Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred

to Magistrate Judge Gary M. Purcell, who recommends that the Commissioner's decision be

affirmed.

Plaintiff filed his application for disability benefits in October 2010. After a hearing,

the Administrative Law Judge ("ALJ") found that plaintiff was not capable of performing

his past relevant work, but could perform other available work in the economy.  The Appeals

Council denied plaintiff's request for review, so the ALJ's decision became the final decision

of the Commissioner.

In his Report and Recommendation, the magistrate judge concluded the ALJ did not

commit error in his credibility evaluations and did not abuse his discretion by failing to order

a second consultative psychological evaluation. The magistrate judge also rejected plaintiff's

claims of error in the ALJ's residual functional capacity assessment.  Plaintiff filed an

objection in which he incorporated by reference "all of the arguments he made in his Brief

in Chief." Doc. #20. However, the court will consider only arguments which are specifically

raised and addressed in plaintiff's objection. See Moore v. Astrue, 491 Fed. Appx. 921, 923

(10th Cir. 2012) ("To preserve an issue for appellate review, 'a party's objections to the

magistrate judge's report and recommendation must be both timely and specific.'") (quoting

United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.1996)).

Plaintiff argues in his objection that the ALJ and magistrate judge erred in concluding

that he was engaged in substantial gainful activity (SGA) from 2000 through April 1, 2007.

He contends "[b]oth the R & R and ALJ decision base much of their alleged 'proof' to deny

benefits based on the fact that Mr. Archer showed through this 'work' that he could perform

real 'work.' But, that is simply not the case." Doc. #20, p. 2. Plaintiff asserts his job at

Tinker Air Force Base ("TAFB") was not truly "work" or competitive employment and

should have first been "determined not to be SGA." *Id*. at 3.

In his brief in chief, plaintiff did not argue that the ALR had erroneously referred to

his job at TAFB as "substantial gainful activity." By failing to present this argument to the

magistrate judge, plaintiff waived it. United States v. Garfinkle, 261 F.3d 1030, 1031 (10th

Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate

judge's report are deemed waived.").

Plaintiff did object to the ALJ's determination that his and his mother's statements

were "not supported by the objective evidence of record because Mr. Archer reported and

testified that he lost his job due to being laid off rather than his inability to perform the

work." Doc. #11, p. 7. The ALJ had considered plaintiff's employment at TAFB when evaluating his credibility. As the magistrate judge explained, regardless of whether the job was considered competitive work,[1] plaintiff had been employed there for several years and was not terminated from the position because of any physical or mental impairment. Therefore, the magistrate judge concluded, "[t]he ALJ properly considered this fact as one of many factors in determining that Plaintiff's allegations of severe, disabling mental and physical impairments were not entirely credible. Doc. #17, p. 10. The court agrees with that analysis and conclusion.[2]

As the court will not consider a general adoption of arguments made in a prior brief or consider arguments not presented to the magistrate judge, it finds plaintiff has preserved no additional arguments for its consideration. Accordingly, the court **ADOPTS** the Report and Recommendation of Magistrate Judge Purcell. The Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED**.

Dated this 12th day of August, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1]*Plaintiff noted in his objection that the vocational expert testified that plaintiff's position at TAFB "was not even competitive work." Doc. #11, p. 7.*

[2]*As the Commissioner noted, even if the ALJ erred in referring to plaintiff's position at TAFB as substantial gainful activity, plaintiff failed to meet his burden of showing that the alleged mistake was harmful. Shinseki v. Sanders, 5556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").*